UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CONLEY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-753 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner James Conley's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 1. In his motion, Conley argues his convictions under 18 U.S.C. § 924(c) are invalid and his trial counsel provided ineffective assistance. As the record before the Court conclusively demonstrates Conley is not entitled to relief, the Court will deny Conley's petition without an evidentiary hearing.

I.   BACKGROUND

On November 11, 1999, Petitioner was indicted by a federal grand jury in the Eastern District of Missouri on four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1, 3, 5, 7), and four corresponding counts of using, carrying, or brandishing a firearm during and in relation to the bank robberies in violation of 18 U.S.C. § 924(c)(1) (Counts 2, 4, 6, 8). *United States v. James Conley*, No. 4:99-CR-497 ERW. Additionally, a federal grand jury in the Central District of Illinois separately indicted Conley on one count of unarmed bank robbery in violation of 18 U.S.C. §2113(a), one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one corresponding count of using, carrying, or brandishing a firearm during and in relation to a bank robbery in violation of 18 U.S.C. § 924(c)(1) (Counts 9, 11, and 10,

1

respectively, in this action). *United States v. Conley*, No. 3:99-CR-30096 JES (C.D. Ill.). Conley threatened to harm or kill employees and/or bank customers at all six banks.

Conley signed a Rule 20 consent to transfer the second case to the Eastern District of Missouri, and it was subsequently joined with the first case for the purposes of his plea and sentencing. Shortly thereafter, on May 11, 2000, Petitioner pled guilty to all eleven counts and was sentenced to a term of incarceration of 1,354 months. His term consists of 130 months on each of the six robbery charges (Counts 1, 3, 5, 7, 9, 11), to be served concurrently, along with terms of 84 months on Count 2, 240 months on Count 6, and 300 months on each of Counts 2, 4, 8, and 10 to be served consecutively of each other and consecutively to the sentence imposed on Counts 1, 3, 5, 7, 9, and 11. *United States v. Conley*, No. 4:99-CR-497 ERW. Conley did not file a direct appeal.

Over 20 years later, on June 3, 2020, Petitioner filed the instant motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. In his motion, Conley indicates two challenges to his sentence. First, he argues his convictions under 18 U.S.C. § 924(c) are invalid in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), which held § 924(c)(3)(B) was unconstitutionally vague. Second, he argues his trial counsel provided constitutionally ineffective assistance in failing to object to the joinder of the Missouri and Illinois offenses.

As to the first claim, Conley submits the claim is timely under 28 U.S.C. 2255(f)(3) and is being filed within one year of the Supreme Court Decision in *Davis*. As to the second claim, Petitioner invokes the equitable tolling doctrine on the grounds that it would have been futile for Petitioner to challenge the 25-year sentence on Count Ten when a successful challenge would not have materially altered Movant's total sentence prior to the passage of the First Step Act. ECF No.

1 at 11. Conley asks the Court to vacate his entire sentence and resentence him on all counts under the current law (First Step Act). ECF No. 1 at 5.

## II.     STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). While a motion for postconviction relief under 28 U.S.C. §2255 is subject to a one-year statute of limitation starting on the date the judgment of conviction is finalized, there is an exception that resets the one-year timeclock if the claims assert a new right recognized and made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(f); *see also Harley v. United States*, No. 1:14CV00051 SNLJ, 2014 WL 4267476, at *8 (E.D. Mo. Aug. 29, 2014); *Brown v. United States*, 139 S.Ct. 14, 15 (2018) (Sotomayor, J., dissenting); *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S.

3

500, 504 (2003). Claims, including those concerning constitutional or jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default or actual prejudice or (2) actual innocence." *United Sates v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2002) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

### III.     DISCUSSION

Petitioner asserts two claims in his motion to vacate, set aside, or correct his sentence. First, Petitioner claims his conviction under 18 U.S.C. § 924(c) is invalid because *Davis* held the residual clause in § 924(c)(3)(B) unconstitutional and armed robbery is not categorically a crime of violence under the force clause. Second, Petitioner asserts his counsel was ineffective for failing to object to the joinder of his Illinois and Missouri counts into a single proceeding. He argues the joinder led to a longer sentence which would not have occurred had the counts been tried separately.

### A.  Petitioner's Argument Under *United States v. Davis*

Petitioner asserts his sentence is improper in light of the ruling in *Davis*, which found the residual clause in 924(c)(3)(B) unconstitutionally vague. Conley's claim is timely under 28 U.S.C. § 2255(f)(3). The Supreme Court decision in *Davis* recognized a new right and made it retroactive. Since Conley filed his motion on June 3, 2020, within the one-year statute of limitations from the date of the *Davis* decision on June 24, 2019, his claim is timely.

Petitioner argues armed robbery is not categorically a crime of violence under § 924 because it can be committed without the use or threat of force. ECF No. 1 at 4. As relevant here, § 924(c) prohibits the use, carrying, or brandishing of a firearm during and in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined in two parts in 18 U.S.C. § 924. Under the force clause, a crime of violence is a crime that " has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under the residual clause, a crime of violence is a crime "that by nature, involves a substantial risk that the physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In 2019, the Supreme Court held § 924(c)(3)(B) unconstitutionally vague because the language compels the court to go through a "categorical approach to determine whether an offense qualified as a violent felony." *Davis*, 139 S. Ct. at 2326. Using this approach, judges had to "imagine the idealized 'ordinary case' of the defendant's crime and then guess whether a 'serious potential risk of physical injury to another' would attend its commission" instead of considering how the defendant in the case actually committed his or her crime. *Id*. This approach was found to be unconstitutional. However, the Supreme Court did not invalidate the force clause. Thus §

5

924(c)(3)(A) is still constitutionally valid for purposes of determining whether a crime should be defined as a crime of violence.

While invalidating the residual clause, the *Davis* Court still found armed robbery was a crime of violence under the elements of force clause. 139 S. Ct. at 2319. An offense qualifies as a crime of violence under the force clause if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Armed bank robbery has as an element the use or threatened use of physical force because the offense must be committed either "by force and violence" or "by intimidation," which means the threat of force.[1] 18 U.S.C. §§ 2113(a) and (d), 2119; *United States v. Wright*, 957 F.2d 520, 521 (8th Cir. 1992). The Eighth Circuit has held armed robbery constitutes a crime of violence under the § 924(c) elements of force clause. *See Estell v. United States*, 916 F.3d 706, 708 (8th Cir. 2019).

Petitioner challenges Eighth Circuit precedent and argues armed bank robbery does not categorically qualify as a crime of violence under the force clause, and the word "intimidation" in § 2113(a) should not be read so narrowly as to imply a threat of physical force. Petitioner asserts intimidation does not necessarily require fear of only bodily injury, and thus armed bank robberies do not necessarily have as an element of the use, attempted use, or threatened use of violent physical force. ECF No. 5 at 1-4.[2] In *United States v. Wright*, this Court held that even unarmed

---

[1] The relevant part of the statute reads "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C.S. § 2113(a)

[2] The Court rejects Petitioner's lengthy argument that bank robbery can be committed without physical force or threatened physical force based upon his accompanying theoretical example of an unarmed elderly double-leg amputee in a wheelchair successfully robbing a bank. ECF No. 5

robbery by intimidation under § 2113(a) categorically involves the threatened use of force and is therefore a crime of violence under the force clause. *See* 957 F.2d at 521; *see also United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017); *Allen v. United States*, 638 F.3d 894, 894-95 (8th Cir. 2016) (per curiam) (holding bank robbery in violation of § 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)). Petitioner's arguments that armed bank robbery can be without the use or threatened use of violent physical force against another fail because, in each of his five armed robberies, Petitioner threatened to harm or kill employees. *United States v. Conley*, No. 4:99-CR-497 ERW. This Court will deny Petitioner's motion on this claim.

**B. Ineffective Assistance of Counsel**

In his second challenge to his sentence, Conley asserts his trial counsel provided constitutionally ineffective assistance when he failed to object to a prejudicial joinder of offenses in a single proceeding. He alleges, due to the joinder of his offenses, Count Ten[3] was treated as a second or subsequent § 924(c) conviction with a 25-year mandatory minimum sentence. Petitioner argues, had the cases not been consolidated, Count Ten would not have been a second

---

at 2-3. Other Circuits have considered similar arguments by defendants and concluded they had no merit. *See United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018) (holding "there must be "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a crime of violence. To show that a particular reading of the statute is realistic, a defendant "must at least point to his own case or other cases in which the ... courts in fact did apply the statute in the ... manner for which he argues." To that end, the categorical approach must be grounded in reality, logic, and precedent, not flights of fancy.") (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007).))

[3] Conley consented to the transfer of his Illinois case to this Court, which included Count 10, under which Conley was indicted for bank robbery in violation of 18 U.S.C. § 924(c)(1).

§ 924(c) offense and thus would only have resulted in a five-year sentence. Petitioner does not argue counsel was ineffective in not objecting to the Rule 20 transfer. ECF No. 5 at 34.[4]

As a threshold matter, Conley's claim of ineffective assistance is untimely. A motion for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limit that runs from "the date on which the judgment of conviction becomes final." *Clay v. United States*, 537 U.S. 522,524 (2003). Conley's conviction became final in May 2001, over twenty years ago. Conley tries to circumvent this delay by asserting his claims should be equitably tolled. Equitable tolling has only been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 111 S.Ct 453, 457-58 (1990). Neither of these situations apply to the circumstances here. Accordingly, Conley's motion is untimely.

Moreover, even if the Court found Conley's claim to be timely filed, it would still fail on the merits. When a petitioner brings claims of ineffective assistance of counsel, the Court "must weigh, among other factors, the time afforded counsel, the experience of counsel, the gravity of the charge, and the complexity of the possible defenses as well as the accessibility of witnesses to counsel." *Wolfs v. Britton*, 509 F.2d 304, 309 (8th Cir. 1975). Ineffective assistance claims are governed by the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). To be successful on a claim of ineffective assistance of counsel, a petitioner must demonstrate "(1)

---

[4] Rule 20 provides that "[a] prosecution may be transferred from the district where the indictment or information is pending… to the district where the defendant is arrested, held, or present," provided that, *inter alia*, "the defendant states in writing a wish to plead guilty…[and] consents in writing to the court's disposing of the case in the transferee district." FED R. CRIM. P. 20. As noted above, Conley himself signed a written consent for transfer of the case from Illinois to Missouri.

counsel's performance was deficient where counsel made errors so serious that counsel was not functioning as the counsel the Sixth Amendment guarantees for the defendant; and (2) counsel's deficient performance prejudiced the defense." *Id*. (internal quotations omitted).

While the Court may address these prongs in any order, failure to make a sufficient showing of either prong should lead to dismissal of the claim, and the Court need not address the other prong. *Strickland*, 466 U.S. at 697; *see also United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (finding no need to address the second prong of *Strickland* after Petitioner failed to satisfy the first prong); *Kingsberry v. Unites States*, 202 F.3d 1030, 1032 (8th Cir. 2000). Under the first prong, an objective standard is applied by courts to determine whether the counsel's actions were "outside the wide range of professionally competent assistance" in light of all the circumstances. *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Under the second prong, a showing of prejudice is "a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

Conley asserts his counsel improperly failed to object to the joinder of his Missouri and Illinois cases. Joinder of offenses is proper in three circumstances: "(1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." *United States v. Rogers*, 732 F.2d 625, 629 (8th Cir. 1984). Offenses are "of the same or similar character" and able to be joined when "two counts refer to the same types of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *Id.*

Here, Conley's Missouri and Illinois offenses were all bank robberies that occurred within the span of 1.5 years. *United States v. James Conley*, No. 4:99-CR-497 ERW. The Court cannot

9

afford Conley the relief he seeks, as the joinder of the offenses from Missouri and Illinois was proper because they are of similar character. *See United States v. Shearer*, 606 F.2d 819, 820 (8th Cir. 1979). There cannot be ineffective assistance of counsel for failing to advance meritless arguments. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Conley further asserts had his cases not been consolidated, Count Ten would not have been deemed a second or subsequent § 924(c) conviction in his Illinois case. Petitioner relies on *Deal v. United States*, 508 U.S. 129 (1993) for this proposition. The Court's review of *Deal*, however, does not support Conley's argument but instead confirms at the time of Conley's sentencing, he would have faced enhanced sentences for second or subsequent § 924(c) convictions on four out of five of his § 924(c) charges regardless of the order of his convictions or whether the cases were joined in a single proceeding or tried separately. Conley himself concedes the consolidation of his cases "would not have materially changed [his] sentence prior to the passage of the First Step Act." ECF No. 1 at 6.[5] This Court will therefore deny Petitioner's motion on this claim.

## IV.   CONCLUSION

The records and files in this case conclusively establish Petitioner is not entitled to relief. Therefore, the Court denies Conley's § 2255 petition without an evidentiary hearing.

## V.   CERTIFICATE OF APPEALABILITY

---

[5] The First Step Act of 2018 has overruled *Deal* and amended 18 U.S.C. § 924. In Section 403 of the Act, congress amended § 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime is no longer mandated if the crime was committed before a prior conviction under the subsection was final. The First Step Act does not apply retroactively, however, to Conley's over 20-year-old judgment. Section 403 of the First Step Act provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment."

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining a substantial showing is a showing the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that James Conley's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. Petitioner's Motion is **DISMISSED, with prejudice.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's 2255 Motion.

So ordered this 19th day of July, 2022.

*[signature]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**